RICHARD L.'HOLMES, Retired Appellate Judge.
Dennis Turnipseed, administrator of the estate of Christopher Dennis Turnipseed, appeals from a summary judgment in favor of Darryl Snow. This case is before this court pursuant to Ala.Code 1975, § 12-2-7(6).
Our review of the record reveals the following pertinent facts, which are not in dispute: Stated another way, there are no disputed facts. On November 26, 1992, Turnipseed’s 14-year-old son, Christopher Dennis Turnipseed, lost control of the motorbike that he was operating, struck a brick mailbox owned by Snow, and died. Turnipseed filed a complaint against Snow, Jefferson County, and various fictitious parties, alleging that the negligent and/or wanton construction, design, and maintenance of the brick mailbox constituted a highly hazardous and dangerous condition for members of the public, including Turnip-seed s minor son.
Snow filed a motion to dismiss, which was denied. Snow filed an answer.
Thereafter, Snow filed a summary judgment motion; the affidavit of Paul Barrett, manager for the Operations Programs Support for the United States Postal Service for the district in which Snow’s residence is located; and a brief in support of the motion.
Turnipseed filed a brief, with supporting documentation, in opposition to the summary judgment motion.
After a hearing the trial court issued the following order:
“This matter came ... to be heard on [Snow’s] motion for summary judgment. Considering the matters presented, the court finds that there is no genuine issue of any material fact and that [Snow] is entitled to judgment as a matter of law.
“Therefore, summary judgment is entered in favor of [Snow]. The court makes the express determination that there is no just reason for delay [and] enters this judgment as a final judgment, pursuant to Rule 54(b), A.R.C.P.”
This appeal followed.
Rule 56(c), Ala.R.Civ.P., provides that summary judgment,is appropriate in situations where no genuine issue of any material fact exists and the movant is entitled to a judgment as a matter of law.
In the present case, the facts, as indicated above, are not in dispute — Turnip-seed’s son was killed when the motorcycle he was operating left the roadway and collided with Snow’s mailbox. The question of whether Snow owed a duty to Turnipseed’s minor son is a question of law for the trial court. Sungas, Inc. v. Perry, 450 So.2d 1085 (Ala.1984).
Barrett stated in his affidavit that the construction and maintenance of a brick mailbox at Snow’s home did not violate any postal regulations. The record reveals that Snow’s *606 brick mailbox was located in front of his home on Larkin Johnson Road and was located no closer to the paved roadway than Turnipseed’s mailbox.
Consequently, under the facts of the present case, we cannot conclude that Snow owed a duty to Turnipseed not to construct and maintain a brick mailbox in front of Snow’s residence.
The judgment of the trial court is due to be affirmed.
The foregoing opinion was prepared by Retired Appellate Judge RICHARD L. HOLMES while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Ala.Code 1975.
AFFIRMED.
All the judges concur.